11-2496-cv
Kim v. Columbia Univ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of July, two thousand twelve.

PRESENT:   RALPH K. WINTER,
           CHESTER J. STRAUB,
           DENNY CHIN,
                      Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

JOHN Y. KIM,
           Plaintiff-Appellant,

           -v.-                                11-2496-cv

COLUMBIA UNIVERSITY,
           Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:    JOHN Y. KIM, pro se, Ho Ho Kus, New Jersey.

FOR DEFENDANT-APPELLEE:    CHARLES B. UPDIKE, Schoeman, Updike & Kaufman, LLP, New York, New York.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Patterson, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that: (1) the appeal from the judgment of the district court is **DISMISSED**; and (2) the order of the district court is **AFFIRMED**.

Plaintiff-appellant John Y. Kim, pro se, appeals from the district court's: (1) judgment entered on November 18, 2010, following a jury trial, in favor of defendant-appellee Columbia University ("Columbia"), dismissing his employment discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.; and (2) order filed on May 19, 2011, denying Kim's post-judgment motion under Fed. R. Civ. P. 59 and 60. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

First, upon independent review of the record, we conclude that we lack appellate jurisdiction over Kim's appeal from the district court's November 18, 2010, judgment dismissing his complaint. Under Fed. R. App. P. 4, a party must file a notice of appeal within 30 days after the date judgment is entered. See Fed. R. App. P. 4(a)(1)(A). That deadline is tolled when a party files a motion pursuant to Fed. R. Civ. P. 59 or 60 within 28 days of the judgment's entry. See Fed. R. App. P. 4(a)(4)(A)(iv), (vi). The Rule 4 filing deadlines are "'mandatory and jurisdictional.'" Bowles v. Russell, 551 U.S. 205, 209 (2007) (quoting Griggs v. Provident Consumer Disc. Co.,

-2-

459 U.S. 56, 61 (1982) (per curiam)); see Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 363 (2d Cir. 2003). Thus, this Court is "obliged to examine the question sua sponte," Travelers Ins. Co. v. Carpenter, 411 F.3d 323, 328 (2d Cir. 2005), and failure to comply with Rule 4 warrants dismissal, Glinka v. Maytag Corp., 90 F.3d 72, 74 (2d Cir. 1996).

Here, Kim filed his Rule 59/60 motion on Friday, December 17, 2010, one day after the 28-day tolling deadline expired (i.e., 29 days after entry of judgment on November 18, 2010). See Fed. R. App. P. 4(a)(4)(A)(iv), (vi). Although Kim now claims, and the district court stated in its order denying his motion, that Kim filed his motion on December 16, 2010, the district court docket sheet -- as well as the automated and handwritten date stamps on the motion -- indicate that Kim filed his Rule 59/60 motion on December 17, 2010. Although Kim dated his motion December 16, 2010, we are obliged to accept the information on the district court docket sheet and any date stamps on filings as indicative of the operative filing dates. See Fed. R. Civ. P. 5(d)(2) ("A paper is filed by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk."). Because Kim filed his Rule 59/60 motion 29 days after entry of judgment, he failed to toll his deadline to file a notice of appeal. Moreover, he did not file his notice of appeal until May 29, 2011, and thus the notice of appeal was untimely as to the November 18, 2010, judgment.

-3-

Accordingly, this Court lacks appellate jurisdiction over the appeal from the district court's November 18, 2010, judgment.

Further, even assuming the December 16, 2010, date in the district court's order is correct and this Court had appellate jurisdiction over Kim's appeal of the district court's judgment, his claims are without merit. See Phelps v. Kapnolas, 123 F.3d 91, 93 (2d Cir. 1997) (construing pro se submissions liberally). Kim principally argues that Columbia's purported fraudulent misconduct and the racial composition of the jury resulted in a miscarriage of justice. Columbia's interchangeable use of the words "released" and "discharged" in describing Kim's termination of employment before the district court, however, was not fraudulent. Additionally, because Kim's claim as to the racial composition of the jury was not raised below and is not discussed beyond a few conclusory sentences in his brief, we do not consider it. See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 132 (2d Cir. 2008) ("'[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.'" (quoting Bogle-Assegai v. Connecticut, 470 F.3d 498, 504 (2d Cir. 2006))); Ragone v. Atl. Video, 595 F.3d 115, 128 n.2 (2d Cir. 2010) ("'Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.'" (quoting Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998))).

Second, with respect to Kim's appeal from the district court's May 19, 2011, order and opinion, we conclude that Kim's

−4−

notice of appeal is timely under Fed. R. App. P. 4(a)(4). Although the notice does not make specific reference to the denial of his Rule 59/60 motion, we have jurisdiction to consider it because we construe the filings of pro se litigants liberally, see Phelps, 123 F.3d at 93, and Kim indicated in his district court motion seeking to proceed in forma pauperis that he intended to appeal from the district court's decision on his Rule 59/60 motion.

Upon reviewing the district court's denial of Kim's Rule 59/60 motion for abuse of discretion, we conclude that the district court did not err. See Cash v. Cnty. of Erie, 654 F.3d 324, 339-40 (2d Cir. 2011) (Rule 59); Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011) (Rule 60). Kim did not provide the district court with any newly-discovered evidence that would warrant relief from the final judgment, or with any evidence of fraud, misrepresentation, or misconduct by Columbia or its counsel. See Fed. R. Civ. P. 59, 60. The district court did not err in determining that Kim's motion was meritless, and we affirm for substantially the reasons set forth by the district court in its order and opinion.

We have considered Kim's remaining arguments and find them to be without merit. Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

-5-